## IN THE COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

## SUMMONS
*Rule 4 1995 Ohio Rules of Civil Procedure*

### 2021 CV 00773

**LORRAINE FEDEROVITCH**
5118 E VIOLA AVENUE
YOUNGSTOWN  OH  44515
*Plaintiff(s)*

VS.

**DELLIQUADRI TRUCKING & SUPPLY INC**
3294 WOODLAND TRAILS, UNIT B
CORTLAND  OH  44410
*Defendant(s)*

IF APPLICABLE, SEE COMPLAINT FOR ADDITIONAL DEFENDANTS

**TO THE ABOVE NAMED DEFENDANT(S):**

YOU ARE HEREBY SUMMONED THAT A COMPLAINT (A COPY OF WHICH IS HERETO ATTACHED AND MADE A PART HEREOF) HAS BEEN FILED AGAINST YOU IN THIS COURT BY THE PLAINTIFF(S) NAMED HEREIN:

YOU ARE REQUIRED TO SERVE UPON THE PLAINTIFF(S) ATTORNEY, OR UPON THE PLAINTIFF(S) IF THEY HAVE NO ATTORNEY OF RECORD, A COPY OF YOUR ANSWER TO THE COMPLAINT *WITHIN TWENTY-EIGHT (28) DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU*, EXCLUSIVE OF THE DAY OF SERVICE. SAID ANSWER MUST BE FILED WITH THIS COURT WITHIN THREE DAYS AFTER SERVICE ON PLAINTIFF'S ATTORNEY.

THE NAME AND ADDRESS OF THE PLAINTIFF(S) ATTORNEY IS AS FOLLOWS:

**JUSTIN A MARKOTA
BETRAS, KOPP & HARSHMAN, LLC
6630 SEVILLE DRIVE
CANFIELD, OH 44406**

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

**KAREN INFANTE ALLEN
CLERK OF COURTS**

BY:   CYNTHIA BEALE
*Deputy Clerk*

Date:   July 15, 2021

**EXHIBIT A**

KAREN INFANTE ALLEN
TRUMBULL CO CLERK OF COURTS
2021 CV 00773 RJR
FILED: 07/15/2021 01:08 PM

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| LORRAINE FEDEROVITCH,<br>5118 E. Viola Avenue<br>Austintown, Ohio 44515<br><br>      Plaintiff,<br><br>v.<br><br>DELLIQUADRI TRUCKING<br>& SUPPLY, INC.,<br>c/o Marc V. Delliquadri, Stat. Agent<br>3294 Woodland Trails, Unit B<br>Cortland, Ohio 44410<br><br>and<br><br>DELLIQUADRI LAWN<br>MAINTENANCE & LANDSCAPING,<br>INC.,<br>c/o Marc V. Delliquadri, Stat. Agent<br>1270 Trumbull Avenue<br>Girard, Ohio 44420<br><br>and<br><br>MARC V. DELLIQUADRI,<br>3294 Woodland Trails, Unit B<br>Cortland, Ohio 44410<br><br>and<br><br>JOHN/JANE DOES NOS. 1-10,<br>*True Names and Addresses Unknown*<br><br>      Defendants. | CASE NO.: _____<br><br>JUDGE: _____<br><br>**COMPLAINT**<br><br>**EMPLOYMENT DISCRIMINATION AND SEXUAL HARASSMENT VIOLATIONS PURSUANT TO STATE/FEDERAL LAW**<br><br>**(OTHER TORTS)**<br><br><u>**JURY DEMAND ENDORSED HEREON**</u><br><br>**INTRUCTIONS FOR SERVICE** |

Now comes Plaintiff, Lorraine Federovitch, by and through undersigned counsel, and for her Complaint against the Defendants, states the following:

## PARTIES & PRELIMINARY STATEMENT

1. Plaintiff, Lorraine Federovitch, is an individual who, at all times relevant to this Complaint, resided in the County of Mahoning, State of Ohio.

2. Defendant, Delliquadri Trucking & Supply, Inc. (hereinafter referred to as "Delliquadri Trucking"), is an Ohio corporation with its principal place of business located in the City of Girard, County of Trumbull, State of Ohio. Further, at the time of the events alleged herein, Defendant, Delliquadri Trucking, employed less than 100 persons and has been an employer in an industry affecting commerce within the meaning of 42 U.S.C. §2000e(b), (g), and (h), 29 U.S.C. §630.

3. Defendant, Delliquadri Lawn Maintenance and Landscaping, Inc. (hereinafter referred to as "Delliquadri Landscaping"), is an Ohio corporation with its principal place of business located in the City of Girard, County of Trumbull, State of Ohio. Further, at the time of the events alleged herein, Defendant, Delliquadri Landscaping, employed less than 100 persons and has been an employer in an industry affecting commerce within the meaning of 42 U.S.C. §2000e (b), (g), and (h), 29 U.S.C. §630.

4. At all times relevant to this Complaint, Defendants, Delliquadri Trucking and Delliquadri Landscaping, are employers within the meaning of R.C. 112.01(A)(2).

5. Defendant, Marc V. Delliquadri, is an individual who, at all times relevant to this Complaint, resided in the County of Trumbull, State of Ohio. Moreover, Defendant, Marc V. Delliquadri is an owner, member, shareholder and/or manager of Defendants, Delliquadri Trucking and Delliquadri Landscaping.

6. Plaintiff brings this employment discrimination action against all Defendants pursuant to 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981a and R.C. 4112, *et seq.*, based on Defendants' treatment of Plaintiff which constitute sexual harassment, discrimination on the basis of sex, and

a hostile work environment.

7. Plaintiff is informed and believes and thereon allege that the fictitiously-named Defendants sued as John/Jane Does Nos. 1-10 (hereinafter referred to as "John/Jane Doe 1-10") are persons, partnerships or corporations whose identity could not be readily ascertained despite the exercise of due diligence, but whose conduct contributed to the Plaintiff's injury. Plaintiff will amend or supplement this Complaint to allege the true names and capacities of such fictitiously-named Defendants when the same have been ascertained.

8. Defendants, Delliquadri Trucking, Delliquadri Landscaping, Marc V. Delliquadri, and John/Jane Does 1-10 shall hereinafter be referred to collectively as "Defendants".

## ADMINISTRATIVE COMPLIANCE

9. Plaintiff restates and realleges each and every allegation contained above as if expressly rewritten herein.

10. Plaintiff, Lorraine Federovitch, fulfilled all administrative conditions prior to initiating this action pursuant 42 U.S.C. §2000e, *et seq.*

11. On or about June 1, 2020, Plaintiff received correspondence from the Ohio Civil Rights Commission ("Commission") acknowledging the discrimination charge filed previously filed online. (A true and accurate copy of the Commission's June 1, 2020, letter is attached hereto and incorporated herein as Exhibit "A").

12. Plaintiff's claims filed with the Commission included notice that said claims were also filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). (A true and accurate copy of the EEOC Dual Filing Notice is attached hereto and incorporated herein as Exhibit "B").

13. On or about April 16, 2021, Plaintiff received a "Notice of Suit Rights" from the EEOC. (A true and accurate copy is attached hereto and incorporated herein by reference as Exhibit "C").

14. Pursuant to 42 U.S.C. §2000e-5(f)(1), Plaintiff timely files this action within the prescribed time limits.

## FACTUAL ALLEGATIONS

15. Plaintiff restates and realleges each and every allegation contained above as if expressly rewritten herein.

16. Plaintiff possesses a Class "A" Commercial Driver's License from the State of Ohio, which she obtained in September of 2019.

17. After obtaining her CDL, Plaintiff undertook initial employment operating Class "A" vehicles for a reputable company also located in Trumbull County, Ohio.

18. On or about February 3, 2020, Defendants hired Plaintiff as a regular employ with a scope of work that involved the operation of Class "A" vehicles.

19. Plaintiff's job duties were primarily focused on delivering materials, over a specified route, pursuant to a contract Defendants held with a lumbar store in Grove City, Pennsylvania.

20. While employed by Defendants, Plaintiff was the only female Class "A" driver performing work for the companies.

21. Upon commencement of employment, Defendants required Plaintiff to undergo initial new driver training which consisted of ride along driving sessions with other company employees.

22. Defendants' new employee drivers training is not a task delegated to a specific employee. Defendants' employees do not record their written observations of new employee drivers. Furthermore, Defendants' do not require new employee drivers to perform written training regarding vehicle operation or safety.

23. Plaintiff's first ride along training session involved an employee of Defendants who was overly critical of Plaintiff's use of the vehicle's clutch, shouted at her, belittled her, and stated that

she was "grinding gears." However, Plaintiff witnessed this employee use the vehicle transmission in a substantially similar manner and operate company equipment in an unsafe manner.

24. The second instance of ride along training, another employee of Defendants' employees belittled Plaintiff by shouting at her and stating that she "couldn't drive" and would "destroy the truck."

25. On February 18, 2021, Plaintiff performed her final ride along training with Defendants' employee, William McHenry. During the training session. McHenry expressed to Plaintiff how she was doing well and acting safely while operating the company vehicles.

26. Following the McHenry training, Plaintiff and McHenry returned to Defendants building to receive further employment instructions.

27. Upon arrival, Defendant, Marc V. Delliquadri, immediately proceeded to inquire about Plaintiff's work performance.

28. McHenry provided Defendants with his personal opinion that Plaintiff was not capable of operating company vehicles.

29. Upon hearing McHenry's statement, Defendant, Marc V. Delliquadri, focused his attention to Plaintiff and proceeded to question her ability to obtain her Class "A" license. The interaction involved Defendant, Marc V. Delliquadri, berating Plaintiff and stating how she should request a refund from her CDL instructor.

30. Immediately thereafter, and in the presence of additional employees, Defendant, Marc V. Delliquadri, exclaimed that the only way Plaintiff passed her CDL test was by ***GIVING THE TEST EXAMINER A BLOWJOB***.

31. Prior to her employment with Defendants, Plaintiff had drove commercial vehicles across three states while maintaining her CDL license.

5

32. Moreover, Defendants do not submit written documentation of company employees demonstrating efficiency, performance and/or safety observations of any new hires, including Plaintiff, that demonstrate noncompliance with any of Defendants rules, regulation and/or safety protocols.

33. Following her belittlement before Defendants' employees, Plaintiff was commanded to return to training sessions with McHenry for the remainder of the workday.

34. Following the completion of her shift, Defendant, Marc V. Delliquadri, informed Plaintiff to not return to work until he provided her with instruction regarding her future job duties with Defendants.

35. On February 21, 2020, Defendant, Marc V. Delliquadri, still had not provided Plaintiff with instructions about her return to work.

36. On the aforementioned dated, Plaintiff sent a text message to Defendant, Marc V. Delliquadri, about her employment wherein in he responded by discharging her job position with Defendants' companies.

37. Defendants' discharge of Plaintiff from employment was the result of wrongful actions, discriminatory conduct, and disparate treatment which all stem from being a member of a protected class because of her gender.

38. Defendants' discharge of Plaintiff from employment was the result of wrongful actions, discriminatory conduct, and disparate treatment caused Plaintiff to lose employment and lose healthcare coverage during the COVID-19 Pandemic.

**COUNT I**
**(Gender Discrimination Pursuant to R.C. 4112, *et seq.*)**

39. Plaintiff restates and realleges each and every allegation contained above as if expressly rewritten herein.

40. R.C. 4112.02(A) provides that any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

41. At all times relevant to this Complaint, Defendants were the employers of Plaintiff, Lorraine Federovitch.

42. Plaintiff is part of a protected class based upon her female gender.

43. On or about February 21, 2020, Defendants discharged Plaintiff from employment without just cause because of her gender.

44. At all times relevant to this Complaint, Plaintiff was qualified for her employment position as a CDL driver for Defendants.

45. Prior to her discharge, Plaintiff received disparate treatment and was discriminated against because of her gender.

46. Further, Defendants favor male employees for the CDL driver employment positions.

47. Plaintiff's gender played a motivating role in Defendants' decision to discharge her from employment and further influenced the outcome on Defendants' decision making.

48. As a direct and proximate result of Defendants' various discriminatory acts, Plaintiff suffered damages and loss in terms of valuable wages, financial burdens, emotional distress, and embarrassment and humiliation, all entitling her to general compensatory damages.

## COUNT II
(Sex Discrimination/Sexual Harassment 42 U.S.C. §2000e-2 and 42 U.S.C. §1981a)

49. Plaintiff restates and realleges each and every allegation contained above as if expressly rewritten herein.

50. Plaintiff is a female who possessed all the necessary physical and mental capacities to successfully perform her position as a Class "A" Vehicle Operator.

51. Plaintiff made serious efforts to perform her employment with Defendants as Class "A" Truck Driver, but due to and as a result of harassment and discrimination on the basis of sex, Plaintiff was: (i) without healthcare during the height of the COVID 19 pandemic, (ii) forced to pay $735.00 per month for an independent healthcare plan (iii) unable to collect unemployment (iv) incurred approximately $22,000.00 in lost wages, and (v) subjected to emotional trauma.

52. Defendants sexually discriminatory and harassing conduct towards Plaintiff was based upon the fact that Plaintiff is a female, all of which constituted unlawful sex harassment.

53. As a direct and proximate result of Defendants' various discriminatory acts, Plaintiff suffered damages and loss in terms of valuable wages, financial burdens, emotional distress, and embarrassment and humiliation, all entitling her to general compensatory damages.

54. Defendants' conduct further constitutes a wanton, willful intentional and/or reckless disregard of Plaintiffs' right result in the entitlement of punitive damages.

55. Plaintiff is entitled to the recovery of her reasonable attorney fees and costs incurred to prosecute this action, pursuant to 42 U.S.C. §2000e-5.

### COUNT III
(Sex Discrimination/Sexual Harassment R.C. 4112.02 & 4112.99)

56. Plaintiff restates and realleges each and every allegation contained above as if expressly rewritten herein.

57. The conduct of Defendants aforementioned conduct described above constitutes unlawful sexual discrimination in violation of Ohio Revised Code § 4112.02 and § 4112.99.

58. As a direct and proximate consequence of Defendants' various acts, Plaintiff suffered damages and loss in terms of valuable wages, financial burdens, emotional distress, and

embarrassment and humiliation, all entitling her to general compensatory damages.

59. Defendants' wanton, willful intentional and/or reckless disregard for the rights of Plaintiff Federovitch, she is entitled to punitive damages, including the recovery of her reasonable attorney fees and costs incurred to prosecute this action.

60. Plaintiff is entitled to the recovery of her reasonable attorney fees and costs incurred to prosecute this action, pursuant to 42 U.S.C. §2000e-5.

## COUNT IV
### (Sex Discrimination/Hostile Work Environment & Harassment 42 U.S.C. §2000e-2)

61. Plaintiff restates and realleges each and every allegation contained above as if expressly rewritten herein.

62. Defendants unwelcomed sexual harassment and verbally abusive communication towards Plaintiff were primarily based upon her gender.

63. Defendants' wrongful actions were sufficiently severe and/or pervasive to affect the terms, conditions, or privileges of Plaintiff's employment.

64. Defendants' offensive and harassing conduct, by and through Defendant, Marc V. Delliquadri, created a hostile and/or abusive work environment for Plaintiff.

65. Even in the absence of a similarly situated person of the same sex as Plaintiff, Defendants' offensive and harassing conduct, by and through Defendant, Marc V. Delliquadri, constitutes the creation of a hostile and/or abusive work environment for the reasonable person similarly situation to Ms. Federovitch, in violation of 42 U.S.C. §2000e-2.

66. As a direct and proximate result of Defendants' various acts, Plaintiff suffered damages and loss in terms of valuable wages, financial burdens, emotional distress, and embarrassment and humiliation, all entitling her to general compensatory damages.

67. Defendants' wanton, willful intentional and/or reckless disregard for the rights of Plaintiff

Federovitch, she is entitled to punitive damages, including the recovery of her reasonable attorney fees and costs incurred to prosecute this action.

68. Plaintiff is entitled to the recovery of her reasonable attorney fees and costs incurred to prosecute this action, pursuant to 42 U.S.C. §2000e-5.

## COUNT V
### (Negligent Infliction of Emotional Distress)

69. Plaintiff restates and realleges each and every allegation contained above as if expressly rewritten herein.

70. Defendants and their representatives, agents, employees, and/or officers were aware, or should have been aware, that their conduct would affect Plaintiff's emotional health, physical health, self-perception. Sense of physical security and/or safety, ability to work, dignity and confidence, but Defendants and their representatives, agents, and officers nonetheless maliciously and cruelly ridiculed and sexually harassed Plaintiff, thus causing severe nervousness and anxiety producing emotional and physical damages and otherwise negligently inflicted emotional trauma

71. During her employment, Defendants subjected Plaintiff to outrageous and patently offensive acts and workplace conditions, including but not limited to, subjecting her to abusive verbal communications and sexually harassing comments.

72. The insulting and offensive conduct subjected upon Plaintiff was the result of malice exhibited by Defendants.

73. As a result of Defendants' malicious acts, Plaintiff incurred great anxiety, nervousness, embarrassment, which caused Plaintiff to suffer severely in other matters outside of employment, including emotional stress that has damages plaintiff's physical and emotional well-being.

74. Moreover, Defendants' malicious acts caused Plaintiff to develop great anxiety, nervousness, embarrassment, which caused her to suffer severely in other matters outside of

employment including, but not limited to, emotional stress which continue to affect Plaintiff.

75. As a direct and proximate result of Defendants' negligent acts, Plaintiff suffered damages and loss in terms of valuable wages, financial burdens, emotional distress, and embarrassment and humiliation, all entitling her to general compensatory damages.

**WHEREFORE**, Plaintiff, Lorraine Federovitch, prays this Honorable Court grant her judgement against each of all Defendants, jointly and severally, and seeks the following relief as follows:

A. Compensatory damages for Plaintiff, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest at the legal rate of interest from the date of the incident described above;

B. Punitive Damages for Plaintiff, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest at the legal rate of interest from the date of the incident described above;

C. Plaintiff's back pay;

D. Reasonable attorney fees;

E. Costs of this Action;

F. Any other relief this Court deems necessary and just.

Respectfully submitted,
**BETRAS, KOPP & HARSHMAN, LLC**

*/s/ Justin A. Markota*
Justin A. Markota (0092182)
6630 Seville Drive
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
Email: jmarkota@bhlaws.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury pursuant to Rule 38 of the Ohio Rules of Civil Procedure.

/s/ Justin A. Markota
JUSTIN A. MARKOTA
*Attorney for Plaintiff*

## INSTRUCTIONS FOR SERVICE

Please serve a copy of the foregoing Complaint, along with Summons, upon the Defendants at the addresses noted in the caption, by certified mail, return receipt requested, and make return according to law, all pursuant to Civ.R. 4.1.

/s/ Justin A. Markota
JUSTIN A. MARKOTA
*Attorney for Plaintiff*



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Lori Barreras, Chair | Juan Cespedes | William Patmon, III | Dr. Carolyn Peters | Madhu Singh
Executive Director: Angela Phelps-White

June 1, 2020

Lorraine Federovitch
5118 E. Viola Avenue
Austintown, OH 44515

RE: Lorraine Federovitch v. Delliquadril Landscaping
AKR 73 (40710) 05282020

Dear Lorraine Federovitch:

The Ohio Civil Rights Commission ("Commission") received your on-line charge concerning alleged discrimination. As required by Ohio Revised Code § 4112.05(B)(1), a charge shall be in writing and signed under oath before the Commission will commence its investigation. Enclosed are two copies of a charge affidavit. Please note the Commission may have amended the charge based on additional information received.

Due to Governor Mike DeWine's orders to stay at home as we deal with the Coronavirus disease (COVID-19), the Commission understands that you may not be able to get your charge notarized in a timely manner. As such, your deadline to produce a notarized charge is extended for **TEN DAYS AFTER** the governor lifts the stay at home order.

Once the stay at home order is lifted, you may bring your charge affidavits into the regional office, meet with a Commission representative and have them signed free of cost. You may also take the affidavits to a notary to have them notarized. Do not sign the charge affidavits until you are directed to do so by the notary. Once the charge affidavits are notarized, please retain an original for your records and return the original affidavit using the enclosed envelope which is provided for your convenience.

Please do not hesitate to contact us if you have any questions. The contact information for the local regional office is listed below. Our office hours are Monday through Friday from 8:00 am to 5:00 pm.

FOR THE COMMISSION,

*Rossie Hamby*
Rossie Hamby
Office Manager



AKRON REGIONAL OFFICE | Ocasek Government Office Building 161 S. High St. Suite 205 Akron, OH 44308
PHONE: 330-643-3100 | TOLL FREE: 1-888-278-7101 | TTY: 614-752-2391 | FAX: 330-643-3120
www.crc.ohio.gov

# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Lori Barreras, Chair | Juan Cespedes | William Patmon, III | Dr. Carolyn Peters | Madhu Singh
Executive Director Angela Phelps-White

## OHIO CIVIL RIGHTS COMMISSION

### EEOC DUAL FILING NOTICE

This charge is filed with both the Ohio Civil Rights Commission ("Commission"), an agency of the State of Ohio, and the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States government. The EEOC and the Commission cooperate to investigate charges of employment discrimination. The Commission is investigating this charge and will share case information with the EEOC. The Commission will forward all determinations to the EEOC, which will separately notify you of any action taken.

You are hereby notified that this charge of employment discrimination was filed under the following Federal statute(s):

        Age Discrimination Employment Act

X     Title VII of the Civil Rights Act of 1964

        Title I of the Americans with Disabilities Act

You may contact the following EEOC District Office, which serves the State of Ohio:

U. S. Equal Employment Opportunity Commission
Indianapolis District Office
State and Local Program Manager
101 West Ohio St., Suite 1900
Indianapolis, IN 46204
1-800-669-4000



PLAINTIFF'S EXHIBIT B

---

AKRON REGIONAL OFFICE | Ocasek Government Office Building 161 S. High St. Suite 205 Akron, OH 44308
PHONE: 330-643-3100 | TOLL FREE: 1-888-278-7101 | TTY: 614-752-2391 | FAX: 330-643-3120
www.crc.ohio.gov

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lorraine Federovitch<br>5118 E. Viola Avenue<br>Austintown, OH 44515 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐    On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2020-02114 | Jeremy A. Sells,<br>State & Local Coordinator | (463) 999-1161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Michelle Eisele* (signature)

Michelle Eisele,
District Director

April 16, 2021
*(Date Issued)*

Enclosures(s)

cc:    HR Director
DELLIQUADRILL LANDSCAPING
1270 Trumbull Avenue
Girard, OH 44420

Justin A. Markota
Attorney at Law
6330 Seville Dr.
Canfeld, OH 44406



PLAINTIFF'S EXHIBIT C